An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD DIXSON; JANET HOPKINS; BEVERLY WALTON; JOAN WRIGHT; VIVIAN J. ALVILLAR; BRANDYE PEREA-PILANT; VERONICA MARTINEZ; DONNA PERKINS; SAMUEL BANKS; LOUISE B. KLAUS; LISA PINKERMAN; PAMELA PROL; HOLLACE THOMPSON; RUTH A. DASIS; JENNIFER WRIGHT; TROI PERRY; AUDRY BELL; JEFFREY CARTER; AND WILLIAM RODGERS,
Appellants,
vs.
CITY OF NORTH LAS VEGAS,
Respondent.

No. 64016

FILED

JUN 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final order dismissing a complaint for lack of jurisdiction in an employment matter. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellants were employees of respondent City of North Las Vegas. Teamsters Local 14 represented the employees. Appellants alleged that the City breached a memorandum of understanding and collective bargaining agreement when it laid them off. After they were laid off, they filed a grievance with their union. The union refused to take their grievances through the dispute resolution proceedings mandated by its collective bargaining agreement with the City.

Appellants filed suit against the City for breach of contract. Appellants did not sue their union, despite alleging that it breached its

15-18712

duty of fair representation. The district court dismissed the suit, holding that appellants did not have standing to enforce the agreements and that the complaint should have been brought to the Employee-Management Relations Board. Appellants appealed. For the following reasons, we affirm.

Standing is a question of law that this court reviews de novo. *Arguello v. Sunset Station, Inc.*, 127 Nev., Adv. Op. 29, 252 P.3d 206, 208 (2011). We have previously concluded that a unionized employee lacks standing to appeal the outcome of negotiated grievance procedures when a collective bargaining agreement expressly provides that the union is the party responsible for filing a grievance and pursing arbitration. *Ruiz v. City of N. Las Vegas*, 127 Nev., Adv. Op. 20, 255 P.3d 216, 219 & n.3 (2011). Similarly, appellants in this case would generally lack standing to enforce the agreements because they are not parties to the agreements.

Although we have recognized that a third-party beneficiary is capable of enforcing an agreement to which they are not a party, *Hartford Fire Ins. Co. v. Trs. of Constr. Indus. & Laborers Health & Welfare Trust*, 125 Nev. 149, 156, 208 P.3d 884, 889 (2009), appellants' complaints failed to allege that they were third-party beneficiaries. *See* NRCP 8(a) (stating that a complaint "shall contain" a statement of the pleader's claim for relief). Nor did appellants' complaints allege that the memorandum of understanding or collective bargaining agreement was intended to benefit them or that their reliance on those agreements was foreseeable. *See Lipshie v. Tracy Inv. Co.*, 93 Nev. 370, 379-80, 566 P.2d 819, 824-25 (1977) (concluding that an intended third-party beneficiary must show that the parties to the contract clearly intended to benefit the third party and that the third party's reliance on the contract was foreseeable).

Thus, for the reasons discussed, we conclude that the district court did not err in dismissing appellants' suit. Appellants lacked standing.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                            Douglas

_____, J.          _____, J.
Cherry                                 Saitta

_____, J.          _____, J.
Gibbons                                Pickering

cc:   Hon. Jerry A. Wiese, District Judge
      Ara H. Shirinian, Settlement Judge
      Law Office of Daniel Marks
      North Las Vegas City Attorney
      Attorney General/Las Vegas
      Eighth District Court Clerk

---

[1]Because we affirm the dismissal of appellants' action on standing grounds, we need not address appellants' remaining arguments.